# NO. 12-16-00037-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EVERETT KONDWANI BURTON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY CRIMINAL COURT NO. 7* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *DALLAS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Everett Kondwani Burton appeals his conviction for abuse of a corpse, for which he was sentenced to confinement for nine days. Appellant raises three issues challenging the trial court's denial of his motion to quash the information, the trial court's failure to instruct the jury to disregard evidence of extraneous offenses, and the trial court's failure to include a jury instruction regarding the extraneous offenses. We affirm.

## BACKGROUND

Appellant was charged by information with abuse of a corpse. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant shared a house with Erika Crowder. Eventually, Crowder no longer wished to live with Appellant. While she was in the process of moving out, she left her vehicle in Appellant's driveway overnight. The cremated remains of Crowder's mother were locked inside the vehicle. The next day, Appellant sent Crowder a text message saying that he had thrown her mother's ashes in the garbage.

A few months later, the police went to Appellant's residence and asked about the ashes. Appellant led the police to his laundry room and retrieved the ashes from inside a suitcase. They were not in their original box, but rather were inside a grocery bag within a white trash bag.

Ultimately, the jury found Appellant "guilty" of abuse of a corpse, and the trial court assessed his punishment at confinement for nine days. This appeal followed.

<h2 style="text-align:center">MOTION TO QUASH INFORMATION</h2>

In his first issue, Appellant argues that the trial court erred by denying his motion to quash the information because it fails to allege an offense.

**Standard of Review and Applicable Law**

A charging instrument must convey sufficient notice to allow the accused to prepare a defense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008). In an information, the offense must be set forth in plain and intelligible words. TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009). The information must include everything that is necessary to be proved. TEX. CODE CRIM. PROC. ANN. arts. 21.03, 21.23 (West 2009). An information is sufficient if it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

TEX. CODE CRIM. PROC. ANN. arts. 21.11, 21.23 (West 2009).

In most cases, an information that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. *Barbernell*, 257 S.W.3d at 251. However, the information may be insufficient when the statutory language fails to be completely descriptive. *Id.* If the prohibited conduct is statutorily defined to include more than one manner or means of commission, the state must, upon timely request, allege the particular manner or means it seeks to establish. *Id.*

On appeal, we review de novo a trial court's denial of a motion to quash an information for failure to provide adequate notice. *Id.* at 251-52.

**Analysis**

A person commits the offense of abuse of a corpse if he, without legal authority, knowingly disinters, disturbs, damages, dissects, in whole or in part, carries away, or treats in an offensive manner a human corpse. TEX. PENAL CODE ANN. § 42.08(a)(1) (West 2011).

The amended information in this case alleges that Appellant

did unlawfully then and there, without legal authorization, knowingly disinter, disturb, damage, dissect, carry away and treat in an offensive manner, that is, place in grocery bags a human corpse, to-wit: the cremated remains of NORA JEAN WILSON.

Appellant argues that the information is insufficient because it fails to state how placing human remains in grocery bags constitutes disinterring, disturbing, damaging, dissecting, or carrying away a human corpse. He further contends that the information is insufficient because it fails to state how he lacked legal authorization. We disagree.

We note that the information tracks the statutory text of the offense, which is generally sufficient to provide a defendant with adequate notice. *See **Barbernell***, 257 S.W.3d at 251. Furthermore, the information specifically alleges that Appellant violated the statute by placing Nora Jean Wilson's remains into grocery bags. This at least shows a disturbance of the remains.

We conclude Appellant's claim that the information is insufficient is without merit. The information charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant. *See* TEX. CODE CRIM. PROC. ANN. art. 21.11, 21.23. And it charges the commission of the offense with the degree of certainty that gives the defendant notice of the particular offense with which he is charged, and enables the court, on conviction, to pronounce the proper judgment. *See **id.*** Appellant directs us to no authority mandating that more than that is required in an information. Accordingly, we overrule Appellant's first issue.

### EXTRANEOUS OFFENSE INSTRUCTIONS

In his second issue, Appellant argues that the trial court erred by failing to instruct the jury to disregard evidence of extraneous offenses. In his third issue, Appellant argues that the trial court erred by failing to include an instruction regarding extraneous offenses in the punishment charge.

**Instruction to Disregard**

At trial, Crowder testified that when she asked Appellant to move out of the house, he became violent. Appellant lodged a general objection to the statement, and the trial court sustained the objection. Later, Crowder testified that when she arrived at the house to begin moving her belongings, Appellant became angry and violent. Appellant did not object. Still later, Crowder testified that she decided to get a hotel room that night because "it wouldn't be a

good idea for [her] and [her] children to sleep in the house with him being—". Appellant objected, and the trial court excused the jury from the courtroom to hear the arguments of counsel.

Outside the jury's presence, Appellant asked that the trial court instruct the jury to disregard "any of the alleged prior bad acts or character evidence that Ms. Crowder has testified to." Appellant further moved for a mistrial. The trial court denied the motion for mistrial, but agreed to give the jury an instruction to disregard. The trial court asked Appellant how he wanted the instruction worded. Appellant asked that the instruction be to "disregard the last answer." Because the court reporter had not heard the objection, Appellant then clarified that he had objected on the basis of prior bad acts and improper character evidence. The record does not reflect either that the trial court gave the instruction to disregard or that it was ever mentioned again.

On appeal, Appellant argues that the trial court erred by not instructing the jury to disregard the statement at the time of the objection. But the jury was not in the courtroom when Appellant asked for the instruction to disregard. Furthermore, Appellant did not object when the State resumed questioning Crowder without the trial court having given the instruction.

Additionally, similar testimony had been previously admitted without objection. An error in the admission of evidence is cured where the same evidence is admitted elsewhere without objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). We conclude that any error in the trial court's failure to instruct the jury to disregard the statement was cured by the prior admission of the same evidence without objection. *See id.* Accordingly, we overrule Appellant's second issue.

## Punishment Charge

Appellant argues that the trial court erred by failing to instruct the jury pursuant to article 37.07, section 3(a) of the Texas Code of Criminal Procedure. Under that article,

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including . . . evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible[.]

TEX. CODE CRIM. PROC. ANN. art. 37.07 (West Supp. 2016). A trial court is required to instruct the jury at the punishment phase concerning article 37.07, including the fact that the state must

prove any extraneous offenses beyond a reasonable doubt. ***Oursbourn v. State***, 259 S.W.3d 159, 180 (Tex. Crim. App. 2008).

But in this case, the trial court—not the jury—decided Appellant's punishment. Therefore, Appellant's complaint that the trial court erred by not instructing the jury under article 37.07, section 3(a) is without merit. Accordingly, we overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered October 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 31, 2016

### NO. 12-16-00037-CR

**EVERETT KONDWANI BURTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Criminal Court No. 7

of Dallas County, Texas (Tr.Ct.No. MA-1475028-H)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*